&JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kevin Mauldin

**DEFENDANTS**
Halliburton Energy Services, Inc.

(b) County of Residence of First Listed Plaintiff  **Smith**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Schulman Law Firm P.C, John E. Schulman
6440 N Central Exp Ste 210 Dallas, Texas 75206 (214) 361-2580

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 2000e, 42 USC § 1981, 29 U.S.C § 216(b)
Brief description of cause:
Race and religious discrimination case and overtime claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7-23-08
SIGNATURE OF ATTORNEY OF RECORD  /s/ John E. Schulman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN MAULDIN | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| HALLIBURTON ENERGY | § | |
| SERVICES, INC., | § | |
| DEFENDANT | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Kevin Maudlin, Plaintiff hereby sues Halliburton Energy Services, Inc., Defendant. In support of his claims, Plaintiff respectfully states:

### Introduction

1. This is a race discrimination and unlawful retaliation claim presented under the Equal Employment Opportunities Act, the Texas Commission on Human Rights Act and 42 U.S.C. § 1981. In this case, Plaintiff also alleges that Defendant made no effort, when requested, to allow him time off, even for part of one day per week, to worship at his church, in violation of both state and federal law. Plaintiff also alleges that Defendant violated a corporate policy which promises no retaliation against any employee who reports discrimination. Plaintiff also alleges that Defendant, in violation of the Fair Labor Standards Act, altered his work time records in order to deprive him of earned overtime and create a contrived discrepancy in his time keeping records, in order to justify a trumped-up termination.

### Parties

2. Plaintiff Kevin Mauldin is an African American citizen of the state of Texas.

PLAINTIFF'S ORIGINAL COMPLAINT-MAULDIN
Page 1 of 7

3. Defendant Halliburton Energy Services, Inc. (Defendant Halliburton) is a business corporation, which may be served with process through C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction. This Court also has supplementary jurisdiction over Plaintiff's state law claims.

5. Venue is proper in the United States District Court for the Eastern District of Texas, because substantially all of the acts and omissions at issue in this case occurred within the geographical boundaries of the Eastern District.

## Exhaustion of Administrative Remedies

6. All administrative prerequisites to filing this suit have been properly exhausted and this lawsuit has been timely filed.

## Facts

7. Defendant Halliburton is a wholly owned subsidiary of Halliburton Company, which in turn is one of the world's largest oilfield services companies with thousands of employees worldwide. Plaintiff worked at the Halliburton-Bariod Tyler, Texas, location. Plaintiff was the only black driver at that location. The only other black employees Plaintiff observed at the Tyler location worked as laborers in the warehouse.

8. Plaintiff started work for Halliburton-Baroid in June 2006. During the 15 months of his employment, until he was terminated, he had no history of discipline and he received three raises.

9. Starting in November of 2006 and continuing to the end of his employment, Plaintiff was subjected to racial harassment and worked in offensive conditions. The harassment

PLAINTIFF'S ORIGINAL COMPLAINT-MAULDIN
Page 2 of 7

included being called a "nigger" on multiple occasions by one of his supervisors, warehouse Manager, Tony Ybarra, and others. Other offensive terms were used towards him by Manager Ybarra and others such as "jigaboo". Offensive racial jokes were also told in his presence by Manager Ybarra and others. Manager Ybarra also displayed a confederate flag on his desk, which Plaintiff found offensive. Throughout the period of the harassment, Plaintiff made it clear to his management that the offensive conduct was unwelcome. Plaintiff also reported the offensive conduct to the Halliburton Human Relations office in Kilgore, Texas, and the company hotline number in Houston, Texas, at the headquarters and nothing was done about it.

10. Plaintiff was also discriminated against by being told, starting in February of 2007, that he could no longer drive 15 hours per day and could only work a maximum of 12 hours per day. This cost Plaintiff a substantial amount of overtime pay. For a period of time, Plaintiff was the only driver with such limitations and the only black driver. White coworkers were not treated in the same manner at that time. Plaintiff also reported this discrimination to the Halliburton Human Relations office in Kilgore, Texas, and the hotline number in Houston, Texas and nothing was done about it.

11. In June 2007, Plaintiff had typically been working seven days a week and he had missed the opportunity to attend religious services at his church. Plaintiff is a member of a Jehovah's Witness church where he had a history of worshiping prior to working for Defendant. Plaintiff asked Manager Ybarra, then Manager Ybarra's supervisor Tom Burnett, if he could have Sundays off to worship. Both told him no, that his job required him to work seven days a week and that Plaintiff was not permitted to take off to worship

God at his church. Defendant made no effort whatsoever to accommodate Plaintiff's request.

12. After Plaintiff reported the ongoing racial harassment and discrimination to management and Halliburton Human Relations and the hotline number, he was retaliated against. Plaintiff was singled out for unfavorable, harder and longer job assignments. Plaintiff was openly threatened on more than one occasion, such as being told by David Pickett a Regional Manager located in Tyler, Texas, that if, he didn't like his job Plaintiff should find someplace else to work. Plaintiff was also told, by Mr. Pickett, that if he complained again his "sorry ass will be fired".

13. Plaintiff was ultimately fired based upon trumped-up false charges that he was trying to be paid for work he didn't do, when in reality, his original timecards and log sheets, upon which his pay was supposed to be based, were accurate. Further, Plaintiff's pay was approved by management each time before Plaintiff received a paycheck, and until Plaintiff was fired, no question was raised with him about alleged inaccuracies in his time keeping. Prior to his termination, Plaintiff, on several occasions, observed that his timecards were missing from the dispatcher's office and that timecards bearing his name were present in Manager Ybarra's office. Plaintiff also observed that "his" timecards were altered, specifically so that his time leaving work was shortened from the actual time he left work, as reflected in his original log sheets and the timecards he originally filled out. Defendant thereby deprived Plaintiff of earned overtime and created a contrived discrepancy between his logbooks and the altered timecards.

14. Plaintiff has been advised that Defendant Halliburton continues to state that Plaintiff falsified records in order to be paid for work he didn't perform. Therefore, Plaintiff alleges that the retaliation against him is continuing to date.

15. At all pertinent times the parties to this lawsuit were bound by a Halliburton Company policy by which all employees, including Plaintiff, were promised *"An employee who believes that he or she has been or is being subjected to discrimination, or who believes he or she has observed discrimination, and who reports that matter pursuant to this Policy shall not be retaliated against or adversely treated because of the making of the report"*.

## Claims

### Race Discrimination

16. As alleged above in substantial detail, Plaintiff Mauldin was the victim of many months of on-going discrimination and harassment in violation of the Equal Employment Opportunities Act 42 U.S.C. § 2000e- 2000e17, the Texas Commission on Human Rights Act, Chapter 21 Texas Labor Code, and 42 U.S.C. § 1981.

### Unlawful Retaliation

17. As alleged above in substantial detail, Defendant also violated the Equal Employment Opportunities Act 42 U.S.C. § 2000e- 2000e17, the Texas Commission on Human Rights Act, Chapter 21 Texas Labor Code, and 42 U.S.C. § 1981, by retaliating against Plaintiff Mauldin because he opposed discrimination at the Halliburton-Bariod workplace.

### Breach of Contract or Promissory Estoppel

18. At all pertinent times, Defendant was bound by the policy alleged in paragraph 15 above, not to retaliate against Plaintiff for reporting discrimination. As alleged above in

substantial detail, Defendant breached that promise to Plaintiff. In doing so, Defendant breached a specific contractual promise to Plaintiff, which altered his at will employment status or alternatively, provided Plaintiff a proper claim for relief under the Texas promissory estoppel rule.

### Fair Labor Standards Act

19. As alleged above in substantial detail, Defendant altered Plaintiff's time records, thereby depriving him of earned overtime. In so doing, Defendant willfully violated the Fair Labor Standards Act, 29 U.S.C. §216 (b).

### Religious Discrimination

20. As alleged above in substantial detail, Plaintiff Mauldin was the victim of religious discrimination, when Defendant made no effort whatsoever to allow Plaintiff to worship God at his church, in violation of the Equal Employment Opportunities Act 42 U.S.C. § 2000e- 2000e17, and the Texas Commission on Human Rights Act, Chapter 21 Texas Labor Code.

### **Enhanced Damages**

21. The above-alleged violations of Plaintiff's civil rights were malicious or willful. Therefore, this is an appropriate case for the award of enhanced damages as permitted by state and federal law.

### **Jury Trial**

22. Plaintiff demands trial by jury for all issues appropriately submitted to a jury.

## Prayer for Relief

Plaintiff Kevin Mauldin respectfully requests the Court to grant him legal and equitable relief as follows:

1. damages for economic losses;

2. intangible compensatory damages;

3. punitive damages;

4. multiple overtime damages;

5. reinstatement or front pay;

6. injunctive relief forbidding further acts of discrimination;

7. reasonable attorneys' fees and court costs; and

8. such other relief as the Court deems, just, proper and equitable.

Respectfully submitted,

John E. Schulman
SBN 17833500
Margaret K. Schulman
SBN 17833900
The Schulman Law Firm, P.C.
6440 N. Central Expressway, Ste. 210
Dallas, Texas 75206
Telephone: (214) 361-2580
Facsimile: (214) 361-2580
jschulman@schulmanlaw.com
COUNSEL FOR PLAINTIFF